FILED
2008 JUL 17 PM 2:14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OFFICE OF THE CLERK
106 GENE SNYDER COURTHOUSE
601 WEST BROADWAY
LOUISVILLE, KENTUCKY 40202-2249
(502) 625-3500

Jeffrey A. Apperson
Clerk of Court

Vanessa Armstrong
Chief Deputy Clerk

July 9, 2008

08CR7035-IEG

United States District Court Clerk
Southern District of California
San Diego Division
880 Front Street, Suite 4290
San Diego, CA 92101-8900

| | |
|---|---|
| Re: | Craig Lee Howard |
| Our Case No: | 3:96CR-71-H |
| Your Case No: | Unknown |

Dear Clerk:

Enclosed are certified copies of papers on file in this district for the above named defendant whose request for transfer of jurisdiction has been accepted by your court.

( X ) Indictment/Information
( X ) Judgment & Commitment Order
( X ) Order on Petition for Modification on Probation and Supervised Release
( X ) Transfer of Jurisdiction-Form 22
( X ) Docket Sheet

Very Truly Yours,
Jeffrey A. Apperson, Clerk

by: /s/ Renee L. Koch
Renee L. Koch
Deputy Clerk

Copies to:
United States Attorney
United States Probation WD/KY
United States Probation SD/CA

| PROB 22 (Rev. 2/88) **TRANSFER OF JURISDICTION** | | | DOCKET NUMBER *(Trans. Court)* 0644 3:96CR00071-001 |
|---|---|---|---|
| | | | DOCKET NUMBER *(Rec. Court)* |
| NAME AND ADDRESS OF PROBATIONER<br>Craig Lee Howard (#2600)<br><br>Louisville, KY 40211 | DISTRICT<br>Western Kentucky | | DIVISION<br>Louisville |
| | NAME OF SENTENCING JUDGE<br>John G. Heyburn II | | |
| | DATES OF PROBATION: | FROM<br>09/28/2005 | TO<br>09/27/2010 |
| OFFENSE<br><br>Cocaine | | | |

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer named above be transferred with the records of this Court to the United States District Court for the Southern District of California - San Diego upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation may be changed by the District Court to which this transfer is made without further inquiry of this court.*

4-24-08
*Date*

John G. Heyburn II
Chief Judge, United States District Court

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern DISTRICT OF California - San Diego

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer be accepted and assumed by this Court from and after the entry of this order.

5/20/08
*Effective Date*

*UNITED STATES DISTRICT JUDGE*

CERTIFIED
U. S. DISTRICT COURT
LOUISVILLE, KY
DATE: 7/9/2008
BY: Renee R. Koch
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JEFFREY A. APPERSON, CLE
JUL 01 1996
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

vs.

INDICTMENT

NO. 3:96 CR-71-H
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 2

**CRAIG LEE HOWARD** -01 DANIEL
**TOBBIE ~~DAVID~~ CLAY** -02
**CHRISTOPHER KING** - 03
**TAMIKA HOWARD** - 04

PM AS T.C

The Grand Jury charges:

COUNT 1

From in or about and between March 1995, and July 20, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CRAIG LEE HOWARD**, **TOBBIE** DANIEL AS T.C. KC ~~**DAVID**~~ **CLAY**, **CHRISTOPHER KING**, and **TAMIKA HOWARD**, defendants herein, knowingly conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute cocaine and cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

The Grand Jury further charges:

COUNT 2

On or about March 28, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did

CERTIFIED
U.S. DISTRICT COURT
LOUISVILLE, KY.
DATE: 7/9/2008
BY: Renee R. Koch
Deputy Clerk

knowingly and intentionally possess with intent to distribute and did distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 3

On or about April 7, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute and did distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 4

On or about April 20, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 5

On or about April 21, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 6

On or about April 27, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 7

On or about May 2, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did

knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 8

On or about June 1, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CHRISTOPHER KING**, defendant herein, aided and abetted by others unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

COUNT 9

On or about July 20, 1995, in the Western District of Kentucky, Jefferson County, Kentucky, **CRAIG LEE HOWARD**, **TOBBIE** DANIEL T. ~~**DAVID**~~ **CLAY**, **CHRISTOPHER KING**, and **TAMIKA HOWARD**, defendants herein, each aided and abetted by the other, did knowingly and intentionally possess with intent to distribute and did distribute cocaine base, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL.

FOREPERSON

MICHAEL TROOP
UNITED STATES ATTORNEY

MT:PCC:pcc
96/06/28

UNITED STATES OF AMERICA V. CRAIG LEE HOWARD, TOBBIE DAVID CLAY, CHRISTOPHER KING, TOMIKA HOWARD

**PENALTIES**

Count 1: NL 10 yrs./NM Life/$4,000,000/both/At Least 5 yrs. Supervised Release
Count 2: NM 20 yrs./$1,000,000/both/At least 3 yrs. Supervised Release
Count 3: NM 20 yrs./$1,000,000/both/At least 3 yrs. Supervised Release
Count 4: NM 20 yrs./$1,000,000/both/At least 3 yrs. Supervised Release
Count 5: NM 20 yrs./$1,000,000/both/At least 4 yrs. Supervised Release.
Count 6: NM 20 yrs./$1,000,000/both/At least 3 yrs. Supervised Release
Count 7: NM 20 yrs./$1,000,000/both/At least 3 yrs. Supervised Release
Count 8: NM 20 yrs./$1,000,000/both/At least 3 yrs. Supervised Release
Count 9: NL 10 yrs./NM Life/$4,000,000/both/At Least 5 yrs. Supervised Release

**NOTICE**

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

Misdemeanor: $ 25 per count/individual
$125 per count/other

Felony: $100 per count/individual
$400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613.

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U. S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U. S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U. S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U. S. District Court<br>450 Gene Snyder U. S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/582-5156 |
| BOWLING GREEN: | Clerk, U. S. District Court<br>213 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>502/781-1110 |
| OWENSBORO: | Clerk, U. S. District Court<br>210 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>502/683-0221 |
| PADUCAH: | Clerk, U. S. District Court<br>322 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>502/443-1337 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN. 85

No. ____________

# UNITED STATES DISTRICT COURT

*Western* District of *Kentucky*

*Louisville* Division

THE UNITED STATES OF AMERICA

*vs.*

*CRAIG LEE HOWARD; TOBBIE DAVID CLAY;*

*CHRISTOPHER KING; TAMIKA HOWARD*

## INDICTMENT

*Title 21, U.S.C., §§ 841(a)(1) & 846; Title 18, U.S.C., § 2*

*Conspiracy; Possession With Intent to Distribute Cocaine Base*

FILED
JEFFREY A. APPERSON, CLERK
JUL 01 1996
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Foreman

*Filed in open court this ____________ day,*

*of ____________ A.D. 19 ______*

____________ Clerk

*Bail, $ ____________*

97-07

USDC KYWD 245B (Rev. 7/96) Sheet1 - Judgment in a Criminal Case

MARSHAL'S COPY

5/8/97

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**
**V.**
**CRAIG LEE HOWARD**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **3:96cr-00071-01-H**
Counsel For Defendant: **Scott Wendeslsdorf, Federal Public Defender**
Counsel For The United States: **Philip C. Chance, Asst. U.S. Attorney**
Court Reporter: **Alan W. Wernecke**

FILED
Jeffrey A. Apperson, Clerk
AUG 01 1997
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

RECEIVED
UNITED STATES MARSHAL
JUL 28 10 06 AM '97
WESTERN DISTRICT OF KENTUCKY

**THE DEFENDANT:**

[X] pleaded guilty to Counts 1 and 9 of the Indictment on January 27, 1997.

[ ] pleaded nolo contendere to count(s) which was accepted by the court.

[ ] Was found guilty on count(s) after a plea of not guilty

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base. | 7/20/1995 | 1 |
| 21:841(a)(1) and 18:2 | Possession with intent to Distribute and distribution of Cocaine Base, a Schedule II controlled substance, Aid & Abet | 7/20/1995 | 9 |

The defendant is sentenced as provided in pages 2 through 7 Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[ ] Count(s) (Is) (are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

RECEIVED
UNITED STATES MARSHAL
MAY 9 11 14 AM '97
WESTERN DISTRICT OF KENTUCKY

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 11/18/1970
Defendant's USM Number: 05876-033

Defendant's Residence Address:
2108 W. Broadway
Apt. 4
Louisville, Kentucky 40211

Defendant's Mailing Address:
2108 W. Broadway
Apt. 4
Louisville, Kentucky 40211

**April 21, 1997**
Date of Imposition of Judgment

Signature of Judicial Officer

**John G. Heyburn II**
**United States District Judge**

ENTERED
MAY 8 1997
JEFFREY A. APPERSON, CLERK
BY DEPUTY CLERK

Date: 5/8/97

CERTIFIED
U. S. DISTRICT COURT
LOUISVILLE, KY.
DATE: 7/9/2008
BY: Renee R. Koch
Deputy Clerk

9/21/97

DEFENDANT: **HOWARD, CRAIG LEE**
CASE NUMBER: **3:96CR-00071-01-H**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one-hundred thirty-five months as to each of Counts 1 and 9 in the Indictment. Said terms shall be served concurrently, for a total term of imprisonment of one-hundred thirty-five months.**

☒ **The Court makes the following recommendations to the Bureau of Prisons:** that the defendant be placed in an institution in Southern California for service of sentence.

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district.

- ☐ At A.m. / p.m. on
- ☐ as notified by the United States Marshal.
- ☐ The defendant shall continue under the terms and conditions of his / her present bond pending surrender to the institution.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:.

- ☐ Before 2:00 p.m. on the date indicated as notified by the United States Marshal.
- ☐ Before 2:00 p.m. on
- ☐ as notified by the United States Marshal.
- ☐ As notified by the Probation or Pretrial Services Office.
- ☐ The defendant shall continue under the terms and conditions of his / her present bond pending surrender to the institution.

## RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on 6-6-97 To FCI, Terminal Island,

at San Pedro, CA. 90731, with a certified copy of this judgment.

Michael L. Benov, Warden
~~UNITED STATES MARSHAL~~

By [signature], L.I.E.
~~Deputy U.S. Marshal~~

DEFENDANT: **HOWARD, CRAIG LEE**
CASE NUMBER: **3:96CR-00071-01-H**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years as to each of Counts 1 and 9. Said terms shall run concurrently, for a total term of supervised release of 5 years.**

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ **The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

☒ **The defendant shall also comply with the additional conditions on the attached page.**

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each Month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other Acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a Felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any Contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the Permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal Record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

DEFENDANT: **HOWARD, CRAIG LEE**
CASE NUMBER: **3:96CR-00071-01-H**

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

14. The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addicition or drug or alcohol dependency, which will include testing for the detection of substance use or abuse.

DEFENDANT: **HOWARD, CRAIG LEE**
CASE NUMBER: **3:96CR-00071-01-H**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | **$100.00** | **$** | **$** |

**(Special Penalty Assessment: $50 as to each of Counts 1 and 9)**

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . . . $

## FINE

☒ **The fine and the costs of supervision are waived because the defendant does not have the ability to pay.**

The above fine includes costs of incarceration and/or supervision in the amount of $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part 8 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ | $ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT: **HOWARD, CRAIG LEE**
CASE NUMBER: **3:96CR-00071-01-H**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A** ☒ **in full immediately; or**

B ☐ $immediately, balance due (inaccordance with C, D, or E); or

C ☐ not later than ; or

D ☐ in installments to commence day(s) after the date of this judgment. In the event the entire amount of criminal Monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall Pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in *(E.g. equal, weekly, monthly, quarterly)* installments of $ Over a period of year(s) to commence day(s) after the date of this judgment.

The U.S. District Court Clerk will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 450, Louisville, KY 40202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.**

DEFENDANT: **HOWARD, CRAIG LEE**
CASE NUMBER: **3:96CR-00071-01-H**

# STATEMENT OF REASONS

**The Court adopts the factual findings and guideline application in the presentence report.**

**OR**

☒ The Court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): The defendant shall receive a total 3-level reduction for "acceptance of Responsibility", pursuant to 3E1.1(a) and (b).

**Guideline Range Determined by the Court:**

Total Offense Level: 31

Criminal History Category: III

Imprisonment Range: 135 to 168 months

Supervised Release Term: 5 years

Fine Range: $15,000 to $8,000,000

☒ **Fine waived or below the guideline range because of inability to pay.**

Total amount of Restitution: $ 0

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount Of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable Future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ Restitution is ordered pursuant to 18 U.S.C. § 3663A.

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☒ **The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):**

**The defendant's criminal history score is at the low end of the guideline range, and the quantity of cocaine base is toward the lower end of the appropriate guideline range. In addition, the sentence is in conformance with the plea agreement in this case.**

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ For the following specific reason(s):
**IT IS HEREBY ORDERED** that the presentence report be placed under seal, and shall be available to counsel on appeal. **IT IS FURTHER ORDERED** that the sentencing recommendation be placed under separate seal, and shall not be available to counsel on appeal.

Local PROB 12Z
(Rev. 5/2005)

# United States District Court

for

**WESTERN DISTRICT OF KENTUCKY**

UNITED STATES OF AMERICA

vs. Docket No. 3:96CR-0071-01-H

**HOWARD, Craig Lee**

## Petition for Modification on Probation and Supervised Release

Comes now Michael Clements, Probation Officer of the Court, presenting an official report upon the conduct of Craig Lee Howard, who was placed on supervision by the Honorable John G. Heyburn II, Chief, District Court Judge, sitting in the Court at the Western District of Kentucky, Louisville Division, on April 21, 1997, who fixed the period of supervision at 5-years supervised release, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

(14) The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On March 6, 2008, Mr. Howard was arrested by Escondido Police Department (EPD), for disturbing the peace at school, battery on school grounds, and trespassing/disruptive presence at school (all misdemeanors). These charges are pending and the next court date is scheduled for May 1, 2008.

The offense conduct involved Mr. Howard reporting to Mission Middle School, in Escondido, California, and striking a 14 year old student (victim). The prevailing circumstances involved Mr. Howard's 14 year old son's claim, that the victim was "bullying" and threatening to kill Mr. Howard's family. It is alleged that the victim is a member of a local gang, and is well known by the police. On March 6, 2008, Mr. Howard and his wife arrived at the school. Mr. Howard did not check in at the school office (as required) and went directly to the victim, who was standing outside a classroom with other students. Mr. Howard then struck the victim several times in the face. When officers arrived, they confronted Mr. Howard, who was calm and cooperative. The victim was treated by the school nurse, and did not require any additional medical treatment.

PRAYING THAT THE COURT WILL ORDER as a special condition of supervised release that the defendant participate in and successfully complete an anger management program, as directed by the probation officer. Additionally, that the defendant complete 120 hours of community service in a program approved by the probation officer.

CERTIFIED
U. S. DISTRICT COURT
LOUISVILLE, KY.
DATE: 7/9/2008
BY: Renee R Koch
Deputy Clerk

ORDER OF COURT

It is ordered that a modification be issued and made a part of the records in the above case.

John G. Heyburn, II
Chief, United States District Judge

DATE: 4-18-08

I declare under penalty of perjury that the foregoing is true and correct.

Executed by

Michael Clements
U.S. Probation Officer

Place Louisville, Kentucky

Date April 18, 2008

cc: Defense Counsel, U.S. Attorney, U.S. Probation Officer

CLOSED

# U.S. District Court
# Western District of Kentucky (Louisville)
# CRIMINAL DOCKET FOR CASE #: 3:96-cr-00071-JGH-CCG-1
# Internal Use Only

Case title: USA v. Howard, et al

Date Filed: 07/01/1996
Date Terminated: 05/08/1997

---

Assigned to: Chief Judge John G. Heyburn, II

**Defendant (1)**

**Craig Lee Howard**
*TERMINATED: 05/08/1997*

represented by **Scott Thomas Wendelsdorf**
Western Kentucky Federal Community Defender, Inc.
629 Fourth Avenue
200 Theatre Building
Louisville, KY 40202
502-584-0525
Fax: 502-584-2808
Email: scott_wendelsdorf@fd.org
*TERMINATED: 05/08/1997*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| Pending Counts | Disposition |
|---|---|
| 21:846 CONSPIRACY TO DISTRIBUTE NARCOTICS (1) | Imprisoned 135 mos cnts 1,9 (concurr); Supervised Release 5yrs cnts 1,9 (concurr); SPA $100 |
| 21:841(a)(1) AIDED AND ABETTED WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCE - (9) | Imprisoned 135 mos cnts 1,9 (concurr); Supervised Release 5yrs cnts 1,9 (concurr); SPA $100 |

**Highest Offense Level (Opening)**

Felony

CERTIFIED
U. S. DISTRICT COURT
LOUISVILLE, KY.
DATE: 7/9/2008
BY: Renee R. Koch
Deputy Clerk

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| None | |

---

**Plaintiff**

**United States of America**
*TERMINATED: 05/08/1997*

represented by **Philip C. Chance**
U.S. Attorney Office - Louisville
510 W. Broadway
10th Floor
Louisville, KY 40202
502-582-5902
Fax: 502-582-5067
Email: phil.chance@usdoj.gov
*TERMINATED: 05/08/1997*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/01/1996 | 1 | INDICTMENT by USA Counts filed against Craig Lee Howard (1) count(s) 1, 9, Tobbie David Clay (2) count(s) 1, 9, Christopher King (3) count(s) 1, 2-8, 9, Tamika Howard (4) count(s) 1, 9 (PAC) (Entered: 07/01/1996) |
| 07/01/1996 | 2 | ORDER by Magistrate Judge James D. Moyer warrant issued for Craig Lee Howard (cc: all counsel) (PAC) (Entered: 07/01/1996) |
| 07/01/1996 | 6 | ARREST Warrant returned executed as to defendant Craig Lee Howard ; defendant arrested on 7/1/96 (PAC) (Entered: 07/02/1996) |
| 07/01/1996 | 7 | APPEARANCE for defendant Craig Lee Howard by Attorney Scott Thomas Wendelsdorf (PAC) (Entered: 07/02/1996) |
| 07/02/1996 | 8 | MINUTE ORDER by Magistrate Judge James D. Moyer Initial appearance of Craig Lee Howard on 7/1/96 ;. Mr. Wendelsdorf appeared for initial appearance only: detention hearing set for 1:30 7/3/96 for Craig Lee Howard before Magistrate Judge James D. Moyer . Dft. remanded to the custody of the USM. (cc: all counsel) (PAC) (Entered: 07/02/1996) |
| 07/02/1996 | | REMARK - USMJ - CCG. (PAC) (Entered: 07/02/1996) |

| | | |
|---|---|---|
| 07/02/1996 | | FILE/DOCUMENT SUBMITTED to JUDGE MOYER (KDN) (Entered: 07/02/1996) |
| 07/08/1996 | 9 | BOND Posted at $ 50,000/UNSECURED for Craig Lee Howard (PAC) (Entered: 07/08/1996) |
| 07/08/1996 | 10 | CJA Form 23 (Financial Affidavit) as to Craig Lee Howard (MLG) Modified on 07/09/1996 (Entered: 07/09/1996) |
| 07/08/1996 | 11 | APPEARANCE for defendant Craig Lee Howard by Attorney Scott Wendelsdorf (MLG) (Entered: 07/09/1996) |
| 07/09/1996 | | FILE RETURNED (MLG) (Entered: 07/09/1996) |
| 07/09/1996 | 12 | ORDER by Mag Judge W. D. King (EBOC) ; detention hearing held on 7/8/96 as to Craig Howard; dft released on $50,000/Unsecured bond (cc: all counsel) (MLG) (Entered: 07/09/1996) |
| 07/12/1996 | | FILE SUBMITTED to C.Roels, for hearing. (FCE) (Entered: 07/12/1996) |
| 07/16/1996 | 13 | ARRAIGNMENT ORDER and reciprocal order of discovery by Mag Judge C. C. Gambill ; jury trial set for 9:30 9/4/96 for Craig Lee Howard before Judge John G. Heyburn II . Parties to comply as set forth in this order. (cc: all counsel) (PAC) (Entered: 07/16/1996) |
| 07/16/1996 | | FILE RETURNED (MLG) (Entered: 07/16/1996) |
| 07/16/1996 | 17 | CJA Form 20 Copy 4 (Appointment of Counsel) Attorney Frank Mascagni, III (MLG) (Entered: 07/17/1996) |
| 07/18/1996 | 18 | NOTICE by defendant Craig Lee Howard that atty William M. Butler, Jr. has not been ret'd by dft for his services (MLG) (Entered: 07/19/1996) |
| 07/19/1996 | 19 | ARRAIGNMENT ORDER by Mag Judge C. C. Gambill; arraignment held on 7/16/96 as to Tamika Howard; Frank Mascagni apptd this date; dft ent NOT GUILTY plea to Indictment; jury trial set for 9:30 9/4/96 for Tamika Howard before Judge John G. Heyburn II; ROD incorp; dft shall cont on bond (cc: all counsel) (MLG) (Entered: 07/19/1996) |
| 07/23/1996 | | FILE SUBMITTED to MAGISTRATE GAMBILL (KDN) (Entered: 07/23/1996) |
| 07/23/1996 | 22 | CJA Form 20 Copy 4 (Appointment of Counsel) Attorney Jean Acton for Christopher King. (PAC) (Entered: 07/23/1996) |
| 07/23/1996 | 23 | FINANCIAL AFFIDAVIT of Christopher King (PAC) (Entered: 07/24/1996) |
| 07/24/1996 | | FILE RETURNED (FCE) (Entered: 07/24/1996) |
| 07/26/1996 | 25 | ARRAIGNMENT ORDER and reciprocal order of discovery by Mag Judge C. C. Gambill : dft. arr. on 7/23/96 ; detention hearing held on 7/24/96 ; jury trial set for 9:30 9/4/96 for Christopher King before Judge John G. Heyburn II . (cc: all counsel) (PAC) (Entered: 07/26/1996) |

| | | |
|---|---|---|
| 07/26/1996 | | CJA Form 20 Copy 4 (Appointment of Counsel Jean Acton for Christopher King) (PAC) (Entered: 10/02/1996) |
| 07/29/1996 | 26 | MOTION to suppress evidence obtained by illegal search and seizure by Craig Lee Howard (PAC) (Entered: 07/30/1996) |
| 07/29/1996 | 27 | MOTION in limine to prohibit the use as evidence in the trial of certain video tape recordings etc. by Craig Lee Howard (PAC) (Entered: 07/30/1996) |
| 07/31/1996 | 28 | MINUTE ORDER by Mag Judge C. C. Gambill detention hearing held on 7/24/96 . Dft. detained in custody of USM. (cc: all counsel) (PAC) (Entered: 07/31/1996) |
| 08/07/1996 | 30 | UNOPPOSED MOTION to amend conditions of release by Craig Lee Howard (PAC) (Entered: 08/08/1996) |
| 08/09/1996 | 31 | ORDER by Judge John G. Heyburn II granting motion of Craig Lee Howard to amend conditions of release to permit him to travel to and reside in the state of California pending trial. [30-1] (cc: all counsel) (PAC) (Entered: 08/09/1996) |
| 08/22/1996 | 32 | MOTION to continue trial presently set for 9/4/96 by USA (PAC) (Entered: 08/23/1996) |
| 08/28/1996 | 33 | ORDER by Judge John G. Heyburn II granting motion to continue trial presently set for 9/4/96 [32-1] , ; jury trial set for 9:30 10/7/96 for Craig Lee Howard, for Tobbie David Clay, for Christopher King, for Tamika Howard before Judge John G. Heyburn II , The period of this continuance is excluded from Speedy Trial Act calculation pursuant to 18 U.S.C 3161(h)(3) and (7). (cc: all counsel) (PAC) (Entered: 08/28/1996) |
| 09/16/1996 | 34 | MOTION for withdrawal of attorney Jean Acton by Christopher King (PAC) Modified on 09/16/1996 (Entered: 09/16/1996) |
| 09/23/1996 | 35 | RESPONSE by plaintiff USA to motion for withdrawal of attorney Jean Acton [34-1]- NO OBJECTIONS. (PAC) (Entered: 09/24/1996) |
| 09/23/1996 | 36 | AGREED MOTION to permit filing out of time (response to motion in limine and motion to suppress tend.). (PAC) (Entered: 09/24/1996) |
| 09/24/1996 | 37 | ORDER by Judge John G. Heyburn II granting motion to permit filing out of time [36-1] (cc: all counsel) (PAC) (Entered: 09/24/1996) |
| 09/24/1996 | 38 | RESPONSE by plaintiff USA to motion in limine to prohibit the use as evidence in the trial of certain video tape recordings etc. [27-1] (PAC) (Entered: 09/24/1996) |
| 09/24/1996 | 39 | RESPONSE by plaintiff USA to motion to suppress evidence obtained by illegal search and seizure [26-1] (PAC) (Entered: 09/24/1996) |
| 09/27/1996 | 40 | MOTION to continue trial date now set for 10/7/96 by USA (PAC) (Entered: 09/30/1996) |

| | | |
|---|---|---|
| 10/01/1996 | 42 | CJA Form 20 Copy 4 (Appointment of Counsel for Christopher King)-David Kaplan. (PAC) (Entered: 10/02/1996) |
| 10/02/1996 | 43 | ORDER by Judge John G. Heyburn II granting motion to continue trial date now set for 10/7/96 [40-1] ;further proc. set for 10:00 10/15/96 before Judge John G. Heyburn II , trial date of 10/7/96 remanded (cc: all counsel) (PAC) (Entered: 10/02/1996) |
| 10/02/1996 | 44 | ORDER by Judge John G. Heyburn II case referred to Mag Judge C. C. Gambill for disposition of all pending pretrial motions and all pretrial motions filed hereafter. (cc: all counsel) (PAC) (Entered: 10/02/1996) |
| 10/02/1996 | | FILE SUBMITTED to CCG (PAC) (Entered: 10/02/1996) |
| 10/17/1996 | | FILE RETURNED (MJH) (Entered: 10/17/1996) |
| 10/18/1996 | 45 | ORDER by Judge John G. Heyburn II further proceedings held on10/15/96 ; jury trial set for 10:00 1/27/97 for Craig Lee Howard, for Christopher King, for Tamika Howard before Judge John G. Heyburn II (cc: all counsel) (PAC) (Entered: 10/18/1996) |
| 10/30/1996 | | FILE SUBMITTED to JDM for I/A on def. Clay (KDN) (Entered: 10/30/1996) |
| 10/30/1996 | | FILE RETURNED (KDN) (Entered: 10/30/1996) |
| 10/30/1996 | | FILE SUBMITTED to Linda Essex (CCG) (KDN) (Entered: 10/30/1996) |
| 10/30/1996 | 49 | CJA Form 20 Copy 4 (Appointment of Counsel) Attorney Andrew Steere for Tobbie Clay. (PAC) (Entered: 10/30/1996) |
| 10/30/1996 | 51 | AFFIDAVIT of Tobbie David Clay (PAC) (Entered: 10/31/1996) |
| 11/05/1996 | 52 | ORDER by Mag Judge C. C. Gambill ;a hearing on pending motions set for 1:30 11/12/96 before Mag Judge C. C. Gambill (cc: all counsel) (PAC) (Entered: 11/05/1996) |
| 11/13/1996 | | FILE RETURNED (MLG) (Entered: 11/13/1996) |
| 12/19/1996 | 54 | MOTION to revoke bond of Tobbie David Clay by USA (PAC) (Entered: 12/20/1996) |
| 12/19/1996 | 55 | MOTION to revoke bond of Craig Lee Howard by USA (PAC) (Entered: 12/20/1996) |
| 12/20/1996 | 56 | ORDER by Judge John G. Heyburn II re [55-1] warrant issued for Craig Lee Howard (cc: all counsel) (PAC) (Entered: 12/20/1996) |
| 01/06/1997 | 59 | ORDER ON BOND REVOCATION by Mag Judge C. C. Gambill granting motion to revoke bond of Craig Lee Howard [55-1] dft Craig Lee Howard 's bond revoked (cc: all counsel) (PAC) (Entered: 01/06/1997) |
| 01/06/1997 | 60 | ARREST Warrant returned executed as to defendant Craig Lee Howard ; defendant arrested on 1/3/97 (PAC) (Entered: 01/06/1997) |

| | | |
|---|---|---|
| 01/08/1997 | | FILE SUBMITTED to cheryl roels (KDN) (Entered: 01/08/1997) |
| 01/09/1997 | 62 | ORDER ON BOND REVOCATION by Magistrate Judge James D. Moyer ;Bond revocation hearing continued for 10:30 1/10/97 for Tobbie David Clay before Mag Judge C. C. Gambill . Dft. remanded to custody of USM. (cc: all counsel) (PAC) (Entered: 01/09/1997) |
| 01/13/1997 | | FILE RETURNED (PAC) (Entered: 01/13/1997) |
| 01/23/1997 | | FILE SUBMITTED to C.Roels, for c/p hrg on Tobie Clay. (FCE) (Entered: 01/23/1997) |
| 01/24/1997 | | FILE RETURNED (MLG) (Entered: 01/24/1997) |
| 01/24/1997 | | FILE SUBMITTED to Judge Heyburn re; C/ (MJH) (Entered: 01/24/1997) |
| 01/27/1997 | 66 | REPORT AND RECOMMENDATION concerning guilty plea by Mag Judge C. C. Gambill as to dft Tobbie Clay; change of plea held on 1/23/97 and dft ent pleas of guilty to cnts 1,9 of Indict; by agreement of parties, Indict is orally corrected to reflect dft's middle name is Daniel; dft shall have 10 days to file objections; dft shall remain in custody of USM (cc: all counsel) (MLG) (Entered: 01/27/1997) |
| 01/27/1997 | | FILE RETURNED (MJH) (Entered: 01/27/1997) |
| 01/27/1997 | 67 | PLEA Agreement as to Craig Lee Howard (MLG) (Entered: 01/28/1997) |
| 01/29/1997 | 69 | ORDER by Judge John G. Heyburn II; change of plea held on 1/27/97 for dfts Craig Howard & King; dfts ent pleas of GUILTY to Indict purs to Rule 11(e)(1)(B) plea agreement as follows: C. Howard cnts 1,9; King cnts 1-9; sentencing hearing set for 10:00 4/21/97 for Craig Howard & King 10:00 4/18/97 before Judge John G. Heyburn II; sent of 4/18/97 as to dft Clay is remaned & resched for 4/21/97 at 10am; dfts remanded to custody of USM; dft Howard advised telephonically the Clerk she missed the flight from CA; further proc. set for 12:00 4/22/97 for Tamika Howard before Judge John G. Heyburn II (cc: all counsel) (MLG) (Entered: 01/29/1997) |
| 02/06/1997 | 70 | ACCEPTANCE OF PLEA OF GUILTY ADJUDICATION OF GUILTY, AND NOTICE OF SENTENCING by Judge John G. Heyburn II granting report and recommendation motion REPORT AND RECOMMENDATION concerning guilty plea [66-1] ; sentencing hearing set for 10:00 4/21/97 for Tobbie Daniel Clay before Judge John G. Heyburn II (cc: all counsel) (PAC) (Entered: 02/06/1997) |
| 04/22/1997 | 77 | CONDITIONS OF PROBATION AND SUPERVISED RELEASE as to defendant Craig Lee Howard by USPO (PAC) (Entered: 04/23/1997) |
| 04/23/1997 | 78 | PRESENTENCE Report on Craig Lee Howard (original sealed and held in Clerk's office). (PAC) (Entered: 04/23/1997) |
| 04/23/1997 | 79 | SENTENCING memorandum as to Craig Lee Howard (SEALED) (PAC) (Entered: 04/23/1997) |

| | | |
|---|---|---|
| 05/08/1997 | 87 | JUDGMENT and Commitment issued to U.S. Marshal as to Craig Lee Howard; sentencing hearing held on 4/21/97 ; sentencing dft to imprisonment of 135 mos cnts 1,9 (concurr); Supervised Release 5yrs cnts 1,9 (concurr); SPA $100 all as to Indictment; present rpt sealed avail on appeal; sentencing recommend under separate seal & not avail on appeal; case terminated by Judge John G. Heyburn II (cc: all counsel) (MLG) (Entered: 05/08/1997) |
| 05/23/1997 | 88 | ORDER AMENDING JUDGMENT by Judge John G. Heyburn II as ot dft Tobbie Daniel Clay; date of offense amd to reflect 7/20/95 as to cnts 1,9; all remaining portions shall remain in full force & effect(cc: all counsel) (MLG) (Entered: 05/23/1997) |
| 08/01/1997 | 93 | JUDGMENT and Commitment returned executed on 6/6/92 as to , Craig Lee Howard (1) count(s) 1, 9- FCI Terminal Island, San Pedro, CA (PAC) (Entered: 08/04/1997) |
| 07/27/2000 | | FILE SUBMITTED to JGH by request (PAC) (Entered: 07/27/2000) |
| 08/07/2000 | | FILE RETURNED (MJH) (Entered: 08/07/2000) |
| 09/12/2000 | | FILE SUBMITTED to JGH (PAC) (Entered: 09/12/2000) |
| 11/06/2000 | | FILE RETURNED (PAC) (Entered: 11/06/2000) |
| 10/04/2002 | 94 | PETITION on probation and supervised release (PAC) (Entered: 10/04/2002) |
| 10/04/2002 | 98 | ORDER by Magistrate Judge James D. Moyer ; I/A on pet for revocation of S/R of Tobbie Daniel Clay on 10/4/02; FD appointed; prel S/R revocation and detention hrg set for 10:30 10/7/02 before Magistrate Judge James D. Moyer; dft remanded to custody of USM (cc: FD, USA, USM, USPO) (SDB) (Entered: 10/04/2002) |
| 10/07/2002 | 101 | ORDER by Magistrate Judge C. C. Gambill ; detention hearing waived on 10/7/02 final sup rel rev set for 10:00 10/10/02 for Tobbie Daniel Clay before Chief Judge John G. Heyburn II (cc: all counsel, USM, USPO) (PAC) (Entered: 10/07/2002) |
| 04/21/2008 | 131 | ORDER on Petition for Modification on Probation and Supervised Release as to Craig Lee Howard by Chief Judge John G. Heyburn, II on 4/18/2008. Defendant is to participate in an anger management program, and complete 120 hours of community service. cc: Counsel, USP (RLK) (Entered: 04/21/2008) |
| 05/01/2008 | 132 | ORDER signed by Chief Judge John G. Heyburn, II on 4/24/2008 as to Craig Lee Howard. Jurisdiction of Probationer Craig Lee Howard to be transferred to Southern District of California, San Diego Division. cc: Counsel, USP, SDCA Clerk, SDCA USP (RLK) (Entered: 05/01/2008) |
| 05/01/2008 | 133 | NOTICE re 132 Order, to Southern District of California of transfer of Probationer Craig Lee Howard. (RLK) (Entered: 05/01/2008) |

| | | |
|---|---|---|
| 06/24/2008 | 134 | Probation Jurisdiction Transferred to Southern District of California - San Diego as to Craig Lee Howard. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, order on petition for modification of probation, and docket sheet. (Attachments: # 1 Letter) (RLK) (Entered: 06/30/2008) |